JULIO R. BRENES, Plaintiff and Appellant, v. MANUEL V. DOMENECH, TREASURER OF PUERTO RICO, ET AL., Defendants and Appellees.

No. 6307. Argued May 23, 1934.—Decided May 28, 1935.

550

*E. Campos del Toro* and *Angel M. Villamil* for appellant. *Benjamin J. Horton, Attorney General,* and *M. Rodríguez Serra, Assistant Attorney General,* for appellees.

Mr. Justice Aldrey delivered the opinion of the court.

Julio R. Brenes brought an action in the District Court of San Juan for a declaratory judgment, in accordance with Act No. 47 of 1931 (Session Laws, p. 378), praying that the court might render the judgment demanded by justice in view of the following facts which we will give in brief. The complaint, which is verified, sets out that the plaintiff is a public carrier; that the Collector of Internal Revenue of Ponce notified the plaintiff that five motor vehicles had been attached by order of the Treasurer of Puerto Rico, and that if ten days passed without payment to the said Treasurer of the sum of $720.97, the vehicles would be sold at public auction for the collection of the said debt; that the said amount is demanded in payment of the premium for the State Fund created by Act No. 85 of 1928 (Session Laws, p. 631) which provides in section 37 that an administrative officer called Superintendent of Insurance shall determine, using his own judgment, the amount required to keep the said fund solvent, said officer having the power to classify the different employers of workmen to whom the act applies, and being charged with the duty of fixing, at the same time and on the same basis, the rates of the premiums to be paid by employers in each group, for the purposes of creating and maintaining the said State Fund; that according to section 38 of that act, the Treasurer of Puerto Rico, taking into

account exclusively the classification and premium rate determined by the Superintendent of Insurance, must levy, assess, and collect the corresponding premiums for each employer; that by reason of these statutory provisions, there is no valid legislative provision by which the plaintiff may be lawfully compelled to pay the amount demanded of him, which led to the attachment of his property, because the determination of the sum necessary to provide for the expenses of any body or instrumentality of the state is a legislative function which cannot be delegated to public administrative officers; and because the fixing of a premium rate according to which citizens contribute to the payment of the expenses of the state, whether general or special, is also a legislative power which the Legislature cannot delegate to any officer of another character. He also alleges that as a consequence of the facts alleged he is not obligated to pay the amount demanded of him and that the controversy between the Treasurer of Puerto Rico and the plaintiff should be decided by the court.

On the day the complaint was filed, the plaintiff presented a verified motion asking the court for an order staying the collection of the tax sought to be enforced by the Treasurer of Puerto Rico until the plaintiff's complaint should be decided, reproducing his previous allegations as grounds, and stating in addition that the term allowed him for payment was to expire on that day; that the ends of justice would be better served and fulfilled if the Treasurer delays the collection of the tax and the sale of the property attached, which the petitioner is using for the transportation of passengers in Ponce, thus avoiding serious and irreparable damage to the public of Ponce as well as to the petitioner; and that the complaint and the cases show sufficient merit to justify the stay requested. The district court decided the motion in favor of the plaintiff but later, upon motion of the Treasurer of Puerto Rico, it reconsidered and denied it, whereupon Julio R. Brenes took this appeal.

The appellant contends that in vacating the order which it had issued the lower court erred in holding that the motion for the stay does not set up facts sufficient to show such irreparable damage as would justify it, and in holding that the said stay prevents the exercise of the power conferred by law on the Treasurer and violates the prohibition established by Act No. 26 of 1927 (Session Laws, p. 166) which governs the granting of injunctions.

The order which was vacated by the lower court and which the appellant wishes us to restore is clearly an injunction issued by the court to restrain the Treasurer from collecting a certain tax and from selling property for such purpose pending decision of the question of whether or not the action on which the collection is based is constitutional.

The theory of the appellant is that the injunction originally decreed by the court is proper and should be again decreed, either on the ground that the amount which the Treasurer is collecting is not levied by a valid provision of law or on the ground that the vehicles attached are being used as public carriers of passengers in Ponce, for which reason their sale would cause grave and irreparable damage to the public as well as to the appellant.

Act No. 26 of 1927 amending the Injunction Act of 1906 (Comp. Stat. 1911, sec. 1354) provides in section 4, subdivisions 3 and 7, that an injunction cannot be granted to prevent the execution of a statute by officers of the law for the public benefit, or to prevent the levying or collection of any tax levied by the laws of the United States or of Puerto Rico. This section, and the subdivisions cited, are applicable to the instant case because the Treasurer of Puerto Rico is an officer of the law who, in collecting the amount claimed from the appellant, was attempting to enforce a statute of Puerto Rico for the benefit of the public. A similar prohibition as to the District Court of the United States for Puerto Rico is found in section 48, subdivision 2 of our Organic Act,

providing that no suit may be maintained in the said court for the purpose of restraining the assessment or collection of any tax imposed by the laws of Puerto Rico. In the case of *Roosevelt, Governor* v. *District Court*, 42 P.R.R. 803, in which a district court issued an order restraining the Governor from enforcing an act, which order we reversed, it was said by the Justices who took part in the decision, that an act of the Legislature is presumed to be constitutional and that no court, in a case necessarily involving the unconstitutionality of a statute, should attempt to restrain a defendant unless there is a strong showing of such unconstitutionality. In this case there is not a strong showing of the unconstitutionality of the statute to justify restraining the Treasurer of Puerto Rico from fulfilling the duties imposed on him by the law. The appellant cites the case of *People* v. *Havemeyer*, 60 F. (2d) 10, in which the Circuit Court of Appeals at Boston held a statute of Puerto Rico levying certain irrigation taxes to be unconstitutional, but that decision was reversed by the Supreme Court of the United States because the District Court of the United States for Puerto Rico had no jurisdiction of the cause and consequently the Circuit Court of Appeals also lacked jurisdiction to hear the appeal. *Puerto Rico* v. *Russell & Co.*, 288 U.S. 476.

In brief, the nullity of an act of the Legislature must be very evident to justify a court, in the absence of a judgment holding it unconstitutional, in restraining its enforcement. The act attacked in this case is not of that nature, and therefore the lower court did not err in vacating the injunction which it had decreed.

■ After what has been stated we wish to say, without any suggestion from the parties, that we doubt very much that, in proceedings brought in accordance with the act of 1931 above cited, orders such as that requested by the appellee may be issued, in view of the nature of that act and of the fact that section 8 is the only provision therein which

refers to additional remedies and grants them where **they** are based on a declaratory judgment or decree.

The order appealed from must be affirmed.