JULIO R. BRENES, peticionario y apelante, *v.* MANUEL V. DoMENECH, TESORERO DE PUERTO RICO; JULIO B. BARINAS, Colector de Rentas Internas de Ponce, P. R.; AUGUSTO R. SOLTERO, Superintendente de Seguros y CHARLES E. WINTER, Procurador General de Puerto Rico, recurridos y apelados.

No. 6307.—*Sometido:* Mayo 23, 1934. *Resuelto:* Mayo 28, 1935.

*E. Campos del Toro* y *Angel M. Villamil,* abogados del apelante; *Hon. Procurador General Benjamin J. Horton* y *M. Rodríguez Serra, Procurador General Auxiliar,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Julio R. Brenes presentó en la Corte de Distrito de San Juan una solicitud de acuerdo con la ley uniforme de sentencias declaratorias (No. 47) de 1931 (pág. 379) para que el tribunal dictase la resolución que en justicia proceda en vista de los siguientes hechos que expondremos en resumen. En la solicitud se dice bajo juramento que el peticionario es un porteador público: que el Colector de Rentas Internas de Ponce notificó al peticionario que por orden del Tesorero de Puerto Rico quedaban embargados cinco vehículos de motor y que si transcurrían diez días sin satisfacer al Tesorero de Puerto Rico la cantidad de $720.97 serían vendidos esos vehículos en subasta pública para cobrar el montante de esa deuda: que tal cantidad se le cobra por concepto de cuotas para el fondo del Estado creado por los efectos de la Ley Núm. 85 de 1928 (pág. 631), cuyo artículo 37 dispone que un funcionario administrativo denominado Superintendente de Seguros debe calcular, usando su personal criterio, la cantidad necesaria para mantener solvente el mencionado fondo, siendo facultad de ese funcionario clasificar los distintos patronos de obreros a los cuales sea aplicable la ley, debiendo al mismo tiempo y sobre la misma base fijar tipos de cuotas que serán pagados por los patronos de obreros en cada grupo, todo ello a los efectos de la creación y mantenimiento del expresado fondo del Estado: que de acuerdo con la sección 38 de esa ley el Tesorero de Puerto Rico, tomando en cuenta exclusivamente la clasificación y tipo de cuota determinados por el Superintendente de Seguros, tiene el deber de imponer, tasar y recaudar a todo patrono de obreros las cuotas correspondientes: que en virtud de esas prescripciones legales, no hay disposición legislativa válida por la cual se pueda compeler legalmente

al peticionario a pagar la cantidad que se le cobra y que motivó el embargo de sus bienes porque la determinación de la suma necesaria para proveer a las erogaciones de cualquier organismo o dependencia del Estado es función legislativa que no puede ser delegada a funcionarios públicos administrativos: y porque la fijación de un tipo de cuota sujeto al cual contribuyen los ciudadanos al sostenimiento de los gastos del Estado, bien generales o especiales, también es facultad de la Legislatura que no puede delegar en funcionario alguno de otro carácter. También alega que como consecuencia de lo expuesto no está obligado a pagar la cantidad que se reclama y que la discrepancia entre el Tesorero de Puerto Rico y el peticionario debe ser resuelta por la corte.

El mismo día de radicada esa solicitud presentó el peticionario una moción jurada a la corte para que decretase la paralización del cobro que le hace el Tesorero de Puerto Rico hasta que la precedente solicitud del peticionario sea resuelta, reproduciendo para ello sus anteriores alegaciones, exponiendo además que en dicho día vencía el plazo que se le fijó para pagar: que los fines de la justicia serían mejor servidos y cumplidos si el Tesorero detiene el cobro y la venta de los bienes embargados, los cuales está usando el peticionario en el transporte de pasajeros en Ponce, evitando así un daño grave e irreparable tanto al público de Ponce como el peticionario: y que de la petición y de la jurisprudencia aparecen méritos batantes para justificar la suspensión interesada. La corte de distrito resolvió esa moción de acuerdo con lo en ella interesado pero después, a petición del Tesorero de Puerto Rico, la reconsideró y dejó sin efecto, por lo que Julio R. Brenes interpuso la presente apelación.

El apelante dice que al dejar la corte inferior sin efecto la orden que había dictado cometió error al estimar que la moción que motivó la orden prohibitiva no aduce hechos suficientes que establezcan un daño irreparable que la justifique

y al declarar que dicha orden prohibe el ejercicio del poder conferídole por la ley al Tesorero y contraviene la prohibición establecida por la Ley Núm. 26 de 1927 (pág. 167) que reglamenta la concesión de *injunctions*.

La orden que la corte inferior dejó sin efecto y que el apelante quiere que revoquemos es claramente una orden de *injunction* dictada por la corte prohibiendo al Tesorero cobre cierta contribución y haga vender bienes a tal fin mientras se resuelva si es o no nula la ley en que el cobro se funda.

La teoría del apelante es que el *injunction* que decretó la corte es procedente y debe ser puesto en operación otra vez, ya se tome en cuenta que la cantidad que el Tesorero cobra no está autorizada por disposición válida de la ley o ya que los vehículos embargados se están usando en el servicio público de transportación de pasajeros en Ponce, por lo que su venta acarrearía un grave e irreparable daño tanto al público como al apelante.

La Ley Núm. 26 de 1927 que enmienda la de *injunction* de 1906 (Comp. 1354) dispone en su sección cuarta en relación con sus apartados 3 y 7 que no podrá decretarse un *injunction* para impedir el cumplimiento de un estatuto público por funcionario de la ley, en beneficio del público; ni tampoco podrá impedir la imposición o cobro de cualquier contribución establecida por las leyes de los Estados Unidos o de Puerto Rico. Esa sección y apartados citados son aplicables al caso presente porque el Tesorero de Puerto Rico es un funcionario de la ley que al cobrar la cantidad que reclama al apelante estaba tratando de cumplir un estatuto de Puerto Rico para beneficio del público. Prohibición similar en cuanto a la Corte de Distrito de los Estados Unidos para Puerto Rico se encuentra en el artículo 48, párrafo 2°., de nuestra Carta Orgánica, preceptivo de que en esa corte no podrán sostenerse pleitos con el fin de restringir la tasación o cobro de contribución alguna impuesta por

las leyes de Puerto Rico. En el caso de *Roosevelt, Gobernador,* v. *Corte,* 42 D.P.R. 836, en el que una Corte de Distrito dictó una orden restringiendo al Gobernador de Puerto Rico de poner en vigor una ley, cuya orden revocamos, se dijo por los jueces que intervinieron en ese asunto que se presume que una ley de la Legislatura es constitucional y que ninguna corte en un caso que envuelva la inconstitucionalidad de un estatuto debe actuar para restringir al demandado, a menos que haya una fuerte demostración de tal inconstitucionalidad. La alegada inconstitucionalidad de la ley en este caso no es de tal naturaleza que contenga una fuerte demostración de su inconstitucionalidad, de suerte que sirva de fundamento para impedir que el Tesorero de Puerto Rico cumpla con los deberes que le impone la ley. El apelante cita el caso de *People* v. *Havemayer,* 60 F. (2d) 10, en el cual la Corte de Circuito de Boston declaró inconstitucional una ley de Puerto Rico para el cobro de cuotas del riego, pero esa decisión fué revocada por el Tribunal Supremo de los Estados Unidos porque la Corte de Distrito de los Estados Unidos para Puerto Rico carecía de jurisdicción para conocer del asunto y consiguientemente de ella carecía también la Corte de Circuito de Boston en apelación. *Puerto Rico* v. *Russell & Co.,* 288 U. S. 476.

En resumen, la nulidad de una ley de la Legislatura debe ser muy evidente para que sin una sentencia que declare su nulidad esté justificada una corte en prohibir que se ponga en cumplimiento. No se encuentra en esas condiciones la ley impugnada en este caso y por esto no cometió la corte inferior error al dejar sin efecto la prohibición que había decretado.

■ Después de lo expuesto queremos decir, sin sugestión de las partes, que dudamos mucho que en procedimientos seguidos de acuerdo con la ley citada de 1931 puedan librarse órdenes como la que interesó el apelado, dada la naturaleza de esa ley y que el único precepto de ella que se

refiere a medidas adicionales es su artículo 8, que las concede cuando se fundan en una sentencia o decreto declaratorio.

*La resolución apelada debe ser confirmada.*