THE PEOPLE OF PUERTO RICO, Plaintiff, *v.* HARRY E. HENNEMAN ET AL., Defendants.

No. 10. Argued February 9, 1942.—Decided February 27, 1942.

*George A. Malcolm, Attorney General, Miguel Guerra Mondragón, Rafael Rivera Zayas,* and *Luis Venegas Cortés* for plaintiff. *E. T. Fiddler, H. S. McConnell,* and *José G. González* for defendants.

MR. JUSTICE SNYDER delivered the opinion of the court.

This is a petition for removal of an information in the nature of *quo warranto* from this court to the District Court of the United States for Puerto Rico. The information was filed in this court, after obtaining leave therefor, by the People of Puerto Rico against Harry E. Henneman, Heyward E. Boyce, Harry N. Baetjer, Louis Naetzker, A. H. S. Post, James A. Stevenson, and Clarence K. Bowie, as trustees of Eastern Sugar Associates, and against Eastern Sugar Associates, a trust.

The information alleges that "Defendant Eastern Sugar Associates is an entity which describes itself as a trust, and was organized as such trust under the laws of the State of Maryland, United States of America, by virtue of a declaration of trust under date of January 16, 1934, the present domicile and situs of said trust being the Island of Puerto Rico."

The information alleges that "Defendant Eastern Sugar Associates has by the declaration of trust constituting it and by its methods of doing business invested itself for all practical purposes with the attributes of a corporation." Under this allegation the information contains 11 subparagraphs setting forth terms of the said declaration of trust.

The information alleges that "said defendant Eastern Sugar Associates now controls through ownership some 34,000 acres of land and some 21,000 additional acres through leaseholds in Puerto Rico, on which lands it now devotes itself to agriculture, contrary to the provisions of the local private corporation statute and to the provisions of the Joint Resolution No. 23, 56th Congress, First Session, approved March 1, 1900 (31 Statutes at Large 716, 48 U.S.C.A., §752) limiting landholdings by corporations in Puerto Rico to 500 acres."

The prayer is for "a judgment (a) declaring that defendant Eastern Sugar Associates is to all practical purposes a foreign corporation doing business in this Island, as said term 'corporation' is used in statutes of local application limiting landholdings by agricultural corporate entities to 500 acres; (b) declaring that defendant Eastern Sugar Associates devotes itself to agriculture in Puerto Rico on lands in excess of 500 acres; (c) ordering defendant Eastern Sugar Associates to cease and desist from doing further business in Puerto Rico; (d) imposing a fine upon it, and (e) making such other pronouncements as in justice and equity may seem meet."

The petition for removal, filed by the aforesaid individuals as trustees of Eastern Sugar Associates, alleges that this is a civil suit in equity and "although entitled as though it were a proceeding in the nature of *quo warranto,* is in fact and in law a proceeding for a declaratory judgment..." The petition alleges that this action involves a controversy where all of the parties on one side are citizens of states of

the United States, not domiciled in Puerto Rico. It goes on to allege that "the plaintiff has improperly attempted to make it appear that in addition to your petitioners there is another defendant in this proceeding, namely, 'Eastern Sugar Associates, a Trust' ... ", and that the said term "is merely a collective designation adopted by your petitioners in order to facilitate reference to them in their capacity as Trustees."

In addition to the alleged diversity of citizenship, the petition sets up as a further ground for removal that the suit arises under the laws of the United States.

■ The Government has filed a "Reply to Defendants' Petition for Removal." The reply denies that this is a proceeding in equity or that it is a suit for a declaratory judgment. The reply alleges that this is a statutory action in the nature of *quo warranto,* that if this is "a proceeding for a declaratory judgment and not one in the nature of *quo warranto* . . . this Hon. Court would lack jurisdiction over the matter since proceedings for declaratory judgments have to be instituted originally before the district courts . . . ", and that "if this Hon. Court lacks original jurisdiction over this proceeding, then this cause is not removable to the U. S. District Court for Puerto Rico."

In opposing the petition for removal, the Government contends in its brief that (1) if this is a suit for a declaratory judgment, the petition for removal can not be granted as we have no original jurisdiction in such a suit; (2) this is not a suit arising under the laws of the United States; and (3) diversity of citizenship does not exist in this case as Eastern Sugar Associates, a trust, is domiciled in Puerto Rico.

The Government is correct in its contention that we have no original jurisdiction in a suit for a declaratory judgment and that we must therefore dismiss the petition for removal for lack of jurisdiction of the suit as a whole if we conclude that this is a petition for a declaratory judgment. *Venner*

v. *Michigan Central Railroad Co.,* 271 U. S. 127; *Lambert Run Coal Co.* v. *Baltimore & Ohio Railroad Co.,* 258 U. S. 377.

However, we are satisfied that this is an information in the nature of *quo warranto* and not a petition for a declaratory judgment. In that event, our original jurisdiction in this suit exists by virtue of Acts Nos. 33 and 47 of 1935 (Laws of Puerto Rico, 1935, Spec. Sess., pp. 418 and 530). It may be that a suit for a declaratory judgment could have been brought by the Government to determine the status of Eastern Sugar Associates and the lands it allegedly owns. Such a suit would have merely declared the rights and duties of the defendants. Borchard on Declaratory Judgments, pages 155, 156, 275, 315, 318, 362, 363. But the Government chose to bring, pursuant to leave granted by this court, a typical *quo warranto* suit with a prayer for affirmative relief; namely, that the defendant Eastern Sugar Associates cease doing business in Puerto Rico and that a fine be imposed on it. This suit is similar to *People* v. *Central Aguirre Associates,* 59 P.R.R. 407, in which Mr. Justice Todd, Jr., said at page 416:

"The complaint in this case has as its sole and principal purpose: to determine whether the defendants by reason of the alleged unlawful combination, are violating the 500 Acres Law and, if so, *to apply the corresponding legal sanction to each of them.*" (Italics ours).

We therefore conclude that we have jurisdiction of this suit, and must pass on the petition for removal. For this suit to be removable, it must be a suit "of a civil nature, at law or in equity" either "arising under the Constitution or laws of the United States . . . " or a suit in which "all of the parties on either side of the controversy are citizens . . . of a . . . State or States . . . wherein the matter in dispute exceeds . . . $3,000."

■ While the Government denies that this is a suit in equity, the parties would seem to be in agreement that this is a civil suit. The authorities are clear on this question. The writ of *quo warranto*, originally a civil remedy of the crown, was supplanted by a proceeding in the form of a criminal information which in turn became an action substantially civil in nature. Note, Quo Warranto against Private Corporations, 41 Harv. L. Rev., 244; High on Injunctions, 3d. ed., pp. 544, 555, 556; *Standard Oil Co.* v. *Missouri*, 224 U. S. 270, 282 *et seq.; People* v. *South Porto Rico Sugar Co.*, 54 P.R.R. 122, 128.

■ It has also been established beyond peradventure that an information in the nature of *quo warranto* brought by the state can be removed from a state court to a federal district court, provided either the suit arises under the laws of the United States or the requisite diversity of citizenship exists. *Ames* v. *Kansas*, 111 U. S. 449; *Klein* v. *Wilson & Co.*, 7 F. (2d) 772; *State of Illinois* v. *Illinois Central Railroad Co.*, 33 Fed. 721 (Circuit Court, N. D., Ill.—1888; case filed originally in state criminal court); *Dougherty* v. *Michigan Bell Telephone Co.*, 209 N. W. 200 (Mich.—1926).

■ It is therefore necessary for us to determine (*a*) if this suit arises under the laws of the United States or (*b*) if diversity of citizenship exists in this case. The Supreme Court of the United States in *Puerto Rico* v. *Rubert Hermanos, Inc.*, 309 U. S. 543, held that an information in the nature of *quo warranto* filed in this court against a corporation for violation of §752, tit. 48, United States Code, did not arise under the laws of the United States. The petitioners have pointed out no distinction between the *Rubert* case and the instant case as to that question. We hold that no federal question exists in this case, and that it is not removable on that ground.

■■ We now turn to the only serious question before us—diversity of citizenship. Since Acts Nos. 33 and 47 of

the Laws of Puerto Rico, 1935, Special Session, have been enacted giving this court original jurisdiction in *quo warranto* proceedings of this nature, nine informations have been filed in this court. In two of them the defendants have petitioned for removal to the District Court of the United States for Puerto Rico on the ground that they arose under laws of the United States. We denied both petitions (*People v. South P. R. Sugar Co.,* 54 P.R.R. 122; *People v. Central Aguirre Associates,* 59 P.R.R. 407), and our action has been sustained by the ruling in *Puerto Rico v. Rubert Hermanos, Inc., supra.* This is the first case in which a petition for removal has been grounded principally on diversity of citizenship.

If the People of Puerto Rico is the plaintiff in a civil suit in an insular court and all of the defendants are citizens of a state or states of the United States and are not domiciled in Puerto Rico, a petition for removal of such a suit to the District Court of the United States for Puerto Rico on the ground of diversity of citizenship must be granted. *People of Porto Rico v. Fortuna Estates,* 279 Fed. 500; *People of Porto Rico v. Livingston,* 47 F. (2d) 712. For this purpose, a corporation is considered a citizen of the state where it is incorporated. See *Puerto Rico v. Russell & Co.,* 288 U. S. 476.

The Government has not challenged the allegations that the matter in dispute herein exceeds $3,000 and that all of the individual trustees joined as defendants are citizens and residents of states of the United States, not domiciled in Puerto Rico. In view of those facts, the individual trustees insist on their right of removal on the ground that no other juridical person is involved in this suit. We agree with the Government that for us to remove the case on that ground would be in effect to decide the case on the merits. Whether or not Eastern Sugar Associates has a juridical personality of its own is one of the principal questions to be determined

in this case. However, we need not pass on that question. For the purposes of the petition for removal, we shall assume, without deciding the question, that the Government is correct in alleging that Eastern Sugar Associates has a juridical personality separate and apart from the individual trustees.

■■ The defendants contend that even if Eastern Sugar Associates is a juridical entity, it is not a corporation, and that we must therefore still look to the citizenship and residence of the trustees to determine if diversity of citizenship exists. *Great Southern Fire Proof Hotel Co.* v. *Jones,* 177 U. S. 449; *Thomas* v. *Board of Trustees,* 195 U. S. 207; *Beavers* v. *McMillan et al.,* 44 F. (2d) 668; *Brown* v. *Protestant Episcopal Church,* 8 F. (2d) 149. To decide that question would require us to determine to what extent *Puerto Rico* v. *Russell & Co.,* 288 U. S. 476, has modified the doctrine laid down in these cases. See 47 Harv. L. Rev. 1935; 33 Columbia Law Review 540; 42 Harv. L. Rev. 1079. Again this would be passing implicity on the merits of the case, inasmuch as the Government is seeking to have Eastern Sugar Associates held to be a corporation. But since we find hereafter that the alleged entity is a foreign entity, and since the trustees are admittedly citizens and residents of states of the United States, this problem disappears. The cause is removable whether we look to the alleged entity or to the individual trustees for the requisite diversity of citizenship, provided the entity is foreign.

We must therefore determine if Eastern Sugar Associates is a foreign entity. In its information the Government alleges that "Eastern Sugar Associates is an entity which . . . was organized . . . under the laws of the State of Maryland . . . ". The Government prays for a judgment "declaring that defendant Eastern Sugar Associates is to all practical purposes a foreign corporation doing business in this Island . . . ". This would seem to make the cause remov-

able without further inquiry. But the Government opposes removal because the information also alleges that "the present domicile and situs" of Eastern Sugar Associates is in Puerto Rico, and that its principal place of business is at Caguas, Puerto Rico. These allegations and the proof thereof may have some effect on the merits of the case. But the questions of situs, location of principal office, and location of real estate allegedly owned by a juridical entity have no bearing on removability. The right of removal by a juridical entity rests on a finding that it was organized under the laws of a state of the United States. See *Puerto Rico* v. *Russell & Co.,* 288 U. S. 476, and cases cited therein. And the Government itself alleges that in this case this was done in the state of Maryland.

Our conclusion is fortified by the prayer that we adjudge Eastern Sugar Associates to be a foreign corporation. While a prayer is ordinarily not considered part of a suit, we do not feel it inappropriate to cite it in this instance, in view of its consistency with the allegation of the Government that the alleged entity was organized under the laws of Maryland. We also note that the prayer for judgment refrains from asking for "the dissolution" of Eastern Sugar Associates as provided for in §2 of Act No. 47, Laws of Puerto Rico, 1935, Special Session, p. 530, "in case the defendant is a domestic corporation."

We grant the petition to remove reluctantly. "Surely nothing more immediately touches the local concern of Puerto Rico than legislation giving effect to the Congressional restriction on corporate holdings." (*Puerto Rico* v. *Rubert Hermanos, Inc.,* 309 U. S. 543, 548). And cases involving novel questions of local law are better determined in the local rather than in the federal courts (*Railroad Commission of Texas* v. *Pullman,* 85 L. ed. 580). But under the federal statutes and cases of the Supreme Court of the United States relating to removal of causes we have no choice but to grant the petition for removal in this case.

An order will be entered removing the information to the District Court of the United States for Puerto Rico.