## ROSARIO et al. v. SUCESORES DE SOBRINO Y COMPANIA.

### Civ. No. 4971.

District Court, Puerto Rico.
June 29, 1948.

464

E. Cornier Martinez and M. Aviles Bracero, both of San Juan, Puerto Rico, for plaintiffs.

Luis E. Dubon, of San Juan, Puerto Rico, for defendant.

CHAVEZ, District Judge.

This is a claim under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. The original complaint was against Sucesores de Sobrino y Compania, a limited co-partnership (sociedad en comandita). Process was served on Ramon Sobrino on September 30, 1947, as a "member of said firm." The limited partnership, Sucesores de Sobrino y Compania, was dissolved prior to service of process, by deed of dissolution executed on July 31, 1943.

Defendant moved to dismiss the complaint on the ground that Ramon Sobrino, when served with summons, was not a member of the partnership, the same having been dissolved.

Plaintiff has filed an opposition of the motion to dismiss, and has requested leave to file an amended complaint wherein the sole defendant named is Ramon Sobrino Perez, d. b. a. "Sucesores de Sobrino & Cia."

Under the civil law, a "sociedad en comandita" is not a limited partnership in the common law sense, but is a juridical person with a personality like that of a corporation. For instance, its members are not thought to have a sufficient personal interest in a suit brought against the entity to entitle them to intervene as parties defendant. For a long list of the attributes of these partnerships of "sociedades" distinguishing them from a partnership in the common law sense, and establishing their status as a juridical person separate from their members, see People of Puerto Rico v. Russell & Co., 288 U.S. 476, 53 S.Ct. 447, 77 L.Ed. 903.

Process against the defendant "sociedad" in the instant case, even though through its former managing partner, is insufficient as to the individual, Ramon Sobrino Perez, and the complaint is not susceptible to amendment, as the proposed substitute defendant, has never been served with sufficient process. The request for permission to amend the complaint is denied and the motion to dismiss is granted.