**MUSCLE SHOALS ASSOCIATES, LTD., an Alabama limited partnership, and Alabama Realty Associates, Ltd., an Alabama limited partnership, Plaintiffs,**

v.

**MHF INSURANCE AGENCY, INC., an Illinois Corporation, Defendant.**

**Civ. No. 92–HM–1229–NW.**

United States District Court,
N.D. Alabama,
Northwestern Division.

June 18, 1992.

James A. Harris, Jr., Sirote and Permutt P.C., Birmingham, Ala., for plaintiffs.

Stanley A. Cash, Huie, Fernambucq & Stewart, Birmingham, Ala., for defendant.

## MEMORANDUM OPINION

HALTOM, Senior District Judge.

The above entitled civil action was commenced on May 28, 1992 in this Court by plaintiffs Muscle Shoals Associates, Ltd., an Alabama limited partnership, and Alabama Realty Associates, Ltd., an Alabama limited partnership, against defendant MHF Insurance Agency, Inc., a corporation, with subject matter jurisdiction predicated on diversity of citizenship and amount in controversy and is now before this HM judge [to whom it is assigned] for initial jurisdictional review.

In the *Parties* section of the complaint the following allegations are made:

2. Plaintiff SHOALS ASSOCIATES is an Alabama limited partnership organized and existing under the laws of the State of Alabama. Each general and limited partner of SHOALS ASSOCIATES is a resident citizen of a state other than the State of Illinois.

3. Plaintiff ALABAMA REALTY is an Alabama limited partnership organized and existing under the laws of the State of Alabama. Each general and limited partner of ALABAMA REALTY is a resident citizen of a state other than the State of Illinois. Equity Land Investments, Inc., a Florida corporation ("Equity Land") is ALABAMA REALTY's general partner.

4. Defendant MHF is an Illinois corporation organized and existing under the laws of the State of Illinois with its principal place of business in Chicago, Cook County, Illinois.

¶¶ 5 and 6 in the *Jurisdiction and Venue* section of the complaint plaintiffs make the following jurisdictional allegations:

5. This is a civil action seeking damages in excess of Fifty Thousand Dollars ($50,000.00), exclusive of interest, costs and attorneys' fees.

6. This Court has jurisdiction over this action pursuant to 28 USC § 1332.

### [DISCUSSION]

■ Since the two plaintiffs in this civil action are both self-identified as Alabama limited partnerships the Court first turns to *Carden v. Arkoma Associates*, 494 U.S. 185, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990) for guidance and instruction in its quest to determine whether the allegations of this complaint have established the diversity of citizenship upon which jurisdiction is here predicated. *Carden* teaches that a limited partnership is not in its own right a "citizen" of the State that created it within the meaning of the federal diversity statute. Moreover, the Supreme Court in *Carden* noted that it had firmly resisted extending the well-established rule treating corporations as "citizens" to other artificial entities, citing *Chapman v. Barney*, 129 U.S. 677, 682, 9 S.Ct. 426, 428, 32 L.Ed. 800 (1889); *Great Southern Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 456, 457, 20 S.Ct. 690, 693, 44 L.Ed. 842 (1900); *Steel Workers v. R.H. Bouligny, Inc.*, 382 U.S. 145, 151, 86 S.Ct. 272, 275, 15 L.Ed.2d 217 (1965); *Puerto Rico v. Russell & Co.*, 288 U.S. 476, 53 S.Ct. 447, 77 L.Ed. 903 (1933);

*Navarro Savings Assn. v. Lee*, 446 U.S. 458, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980), distinguished. Pp. 187–192 of 494 U.S., pp. 1017–1019 of 110 S.Ct.

■ At pp. 192–196 of *Carden*, 494 U.S., pp. 1019–1021 of 110 S.Ct., the federal judiciary is instructed in plain language that a federal court must look to the citizenship of a partnership's limited, as well as its general, partners to determine whether there is complete diversity and the fact that only the general partners have exclusive and complete control over the partnership's operations and the litigation is irrelevant. The Court there notes that its decisions have never held that an artificial entity can invoke diversity jurisdiction based on the citizenship of some but not all of its members. Finally, the Supreme Court observes in *Carden* that whether, and which, artificial entities other than corporations are entitled to be considered "citizens" for diversity purposes are complex questions best left to Congress to decide. Pp. 196–197, pp. 1021–1022 of 110 S.Ct. See also *Temple Drilling Co. v. Louisiana Ins. Guar. Ass'n.*, 946 F.2d 390, 393–94 (5th Cir.1991); *Newport Ltd. v. Sears, Roebuck and Co.*, 941 F.2d 302, 304–06 (5th Cir.1991); Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3630 (Pocket Part, pp. 129–134).

■ In construing the sufficiency of ¶¶ 2 and 3 of plaintiffs' complaint above set out the diversity of citizenship rules applicable to limited partnership enunciated in *Carden* must be applied by this federal district court in determining whether these limited partnership plaintiffs have met their burden of establishing diversity of citizenship in this lawsuit. Moreover, this Court must also test the allegations of plaintiffs' complaint against the requirements of 28 U.S.C. § 1332 which sets out the allegations necessary to invoke diversity jurisdiction in a case involving a corporate party. Under § 1332(c), "a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Thus, allegations regarding the citizenship of a corporation must set out the

principal place of business as well as the state of its incorporation. *Nadler v. American Motors Sales Corp.*, 764 F.2d 409, 413 (5th Cir.1985). These rules are straightforward, and the law demands strict adherence to them. Id. at 413.

■ ¶ 2 of plaintiffs' complaint does not adequately or sufficiently establish the citizenship of the plaintiff Alabama limited partnership identified by the name of SHOALS ASSOCIATES for diversity of citizenship purposes. There is absolutely no way that this Court can look to the citizenship of Shoals Associates' limited, as well as its general, partners to determine whether there is complete diversity. The general allegations of the second and last sentence of ¶ 2 of plaintiffs' complaint, namely:

> Each general and limited partner of SHOALS ASSOCIATES is a resident citizen of a state other than the State of Illinois

simply does not meet the exacting pleading standard regarding citizenship of a limited partnership enunciated in *Carden.* This Court, to fulfill its duty, must be informed by the allegations of plaintiffs' complaint of the exact citizenship of this partnership's general and limited partners ... each one of them and not by a "Mother Hubbard" allegation as plaintiffs used in ¶ 2 above set out. The Court repeats: "These rules are straightforward and the law demands strict adherence to them." 764 F.2d at p. 413. Furthermore, under the provisions of §§ 10–9A–1 to 10–9A–144, inclusive, Code of Alabama, 1975, as amended, a general partner of an Alabama limited partnership can either be an individual or a corporation, foreign or domestic. ¶ 2 of plaintiffs' complaint herein is further deficient in pleading the citizenship of the general partner of Shoals Association, an Alabama limited partnership, in that it does not apprise this Court whether the general partner is an individual or a corporation nor does it apprise this Court of the citizenship of such general partner, whichever entity it may happen to be. If the general partner of Shoals Associates is a corporation the pleader must allege the exact name of the State by which it has been incorporated and of the exact State where it has its principal place of business. This Court reiterates that "Mother Hubbard" allegations of individual or corporate citizenship will not be accepted by this Court for pleading diversity of citizenship under 28 U.S.C. § 1332 whether the civil case is directly filed in federal district court or removed from State court.

■ The allegations of ¶ 3 of plaintiffs' complaint which seek to plead the requisite diversity of citizenship allegations with respect to plaintiff ALABAMA REALTY, an Alabama limited partnership, are deficient and unacceptable for most, if not all, of the same reasons hereinabove set out in the Court's discussion of the diversity of citizenship pleading deficiencies of ¶ 2 of the complaint. The Court does take note that ¶ 3 alleges that Equity Land Investments, Inc., the general partner of ALABAMA REALTY, is a Florida corporation. The allegation that Equity Land Investments, Inc. was incorporated under the laws of the State of Florida is preferred since the phrase "Florida Corporation" can be construed as being purely "location descriptive" in the geographic sense. Thus, a Delaware Corporation having a principal office in the State of Florida and doing business in Alabama could be loosely referred to as a "Florida Corporation" by Alabamians. Moreover, this paragraph does not allege or show the principal place of business of this corporate general partner of the plaintiff Alabama limited partnership known as Alabama Realty. Furthermore, the sentence in ¶ 3 of the complaint that

> Each general and limited partner of Alabama Realty is a resident citizen of a state other than the State of Illinois

is not sufficient to establish the citizenship of either the limited partners nor the general partners of Alabama Realty for the reasons stated in the Court's discussion of the insufficiency of the allegations of ¶ 2 of plaintiffs' complaint.

■ It is finally noted by the Court that the allegations of ¶ 4 of plaintiffs' complaint that

Defendant MHF is an Illinois corporation organized and existing under the laws of the State of Illinois with its principal place of business in Chicago, Cook County, Illinois

pass diversity of citizenship muster with flying colors. 28 U.S.C. § 1332(c)(1).

 For the reasons above set out this Court would be justified in dismissing the above entitled civil action sua sponte for lack of subject matter jurisdiction. However, in lieu thereof the Court will by separate order grant leave to plaintiffs to amend their complaint so as to establish diversity of citizenship between the limited plaintiffs and the corporate defendant in strict conformity with the views herein expressed, provided that such amended complaint is filed in the Office of the Clerk of this Court within ten [10] consecutive calendar days from the entry date of this Order, failing which this case will be forthwith dismissed *without prejudice* for lack of subject matter jurisdiction.