CHUSKA ENERGY COMPANY, et al., Plaintiffs-Appellants,

v.

MOBIL EXPLORATION & PRODUCING NORTH AMERICA, INC., (Substituting for the Superior Oil Company), Defendant-Appellee.

No. 87–2663.

United States Court of Appeals, Fifth Circuit.

Sept. 13, 1988.

Rehearing Denied Oct. 14, 1988.

---

Paul F. Cronin, Honolulu, Hawaii, Kenneth Engerrand, Thomas A. Brown, Houston, Tex., for plaintiffs-appellants.

Roxanne Armstrong, Baker, Brown, Sharman & Parker, Houston, Tex., for defendant-appellee.

Before GARWOOD and JONES, Circuit Judges, and HUGHES,* District Judge.

HUGHES, District Judge:

Chuska Energy Company (Chuska) sued Mobil Exploration & Producing North America, Inc., (Mobil) in the district court of Harris County, Texas, for breach of an oil and gas assignment. Mobil removed the case to the United States District Court for the Southern District of Texas asserting federal question jurisdiction. Both companies are based in Texas so that the case could not have been removed under the court's diversity jurisdiction.

Chuska's motion to remand was denied because the district court concluded that a substantial federal question was presented in Mobil's answer, which claimed that the assignment was void under a federal statute. The law requires that all mineral agreements with the Navajos be approved by the Secretary of the Interior. 25 U.S.C. § 396d. The district court entered a summary judgment in favor of Mobil on its defense that the assignment had been materially altered by changes in the underlying agreement between Chuska and the Navajos, 658 F.Supp. 867.

The judgment will be vacated and remanded with directions to remand.

*District Judge of the Southern District of Texas,

*Background.*

In 1981 the Navajos signed an agreement with Chuska granting Chuska the exclusive right to operate a 167,519-acre tract in the Navajo reservation (operating agreement). Shortly after this, Chuska assigned Mobil 100,000 acres to operate (assignment). As required by the statute, the agreement was submitted to the Department of the Interior for approval. Performance of the assignment was conditioned on approval of the operating agreement by the government and the chairman of the Navajos. The issues about the extent of alterations that could be made in the operating agreement without impairing Mobil's contingent obligations under the assignment are not reached because of the jurisdictional disposition; the requirement of governmental approval, however, was the ground upon which Mobil removed the case.

*Jurisdiction.*

On the issue of a federal question, Mobil argues that an essential element of Chuska's case is to prove that the operating agreement was not illegal. Mobil argues that any question involving a lease on Indian land, even without a tribe or the government as a party, arises under federal laws for purposes of federal question jurisdiction. 28 U.S.C. § 1331. In a parallel vein, Mobil urges that the federal laws regulating mineral rights on Indian land preempt all state contract claims from leases on Indian lands. 25 U.S.C. § 396.

In its complaint in state court, Chuska pleaded breach of contract, fraud, and in anticipation of Mobil's defenses, waiver and estoppel. Chuska's cause of action sounds in common law contract; it does not arise under the laws of the United States or the Constitution. An action for breach of an oil and gas assignment is not preempted simply because the lease site is on an Indian reservation. Because this suit was not within the district court's removal jurisdiction, it will be reversed and remanded. 28 U.S.C. § 1441.

sitting by designation.

**730**

*"Arising under" in the Well-Pleaded Complaint.*

■ The Constitution provides that federal courts have jurisdiction over "cases arising under the Constitution and the laws of the United States." Article III was executed by the Judiciary Act of 1875 (28 U.S.C.A. § 71). To determine which cases arise under the laws of the United States inquire:

1) Is a federally created right or immunity pleaded without conjecture in the complaint? *Gully v. First Nat. Bank*, 299 U.S. 109, 113, 57 S.Ct. 96, 97–98, 81 L.Ed. 70 (1936); and

2) Would a well pleaded complaint show that the plaintiff's right to relief under state law requires resolution of a substantial question of federal law? *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) at 5, n. 4, 103 S.Ct. at 2844 n. 4.

■ The presence of a substantial federal question must be apparent without the aid of the answer or the petition for removal. *Gully* at 113, 57 S.Ct. at 97–98. A federal court cannot take jurisdiction of a case as one arising under federal law if the federal issue will be raised only as a defense to the state law claim. *Louisville & Nashville Railroad Co. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908). These criteria for the well pleaded complaint apply to the original jurisdiction of the district courts as well as to their removal jurisdiction. *Franchise Tax Board*, 463 U.S. at 12, n. 9, 103 S.Ct. at 2847 n. 9. There is a plethora of state cases where the defenses may be based on federal constitutional or statutory construction, but few of these disputes actually arise under federal law.

■ Chuska's affirmative right to enforce its contract is rooted in state law. The defense of illegality raised by Mobil requires that a second contract, the operating agreement, be examined, to which Mobil was not a party, only an assignee. The terms of the operating agreement are potentially at issue in this case, but it is not the basis of this suit. Whether the assignment contract is illegal is an affirmative defense to be raised in the answer and proved by the defendant, who carries the burden of proof on that issue. Wright & Miller, *Federal Practice and Procedure: Civil,* § 1270 (1969).

■ Even had Chuska anticipated this defense and pleaded that the two agreements complied with the federal law, it still cannot serve as a basis of federal jurisdiction. "A suit brought upon a state statute does not arise under an act of Congress because prohibited thereby." *Franchise Tax Board* at 12, 103 S.Ct. at 2848, quoting *Gully* at 116. For instance, an action in ejectment, involving a question of the validity of a deed under federal legislation restricting the alienation of Indian lands, does not arise under the laws of the United States. *Anderson v. Taylor*, 234 U.S. 74, 34 S.Ct. 724, 58 L.Ed. 1218 (1914). Jurisdiction over this case would lie in federal court if Chuska had sued the Secretary of the Interior to approve the operating agreement or the Navajos to enforce the agreement and then brought pendent claims against Mobil for repudiating the assignment. *Poafpybitty v. Skelly Oil Company*, 390 U.S. 365, 88 S.Ct. 982, 19 L.Ed.2d 1238 (1986).

■ State courts are routinely required to adjudicate suits in which there are related issues requiring the construction of federal statutes and the Constitution. There is no danger of erroneous or inconsistent construction each time a state court adjudicates those questions in common law or state statutory actions. That Congress has legislated in a specific area, without more, does not empower a federal court to adjudicate matters requiring an interpretation of that legislation. *Murray v. Murray*, 621 F.2d 103, 107 (5th Cir.1980). Mobil may find some reassurance in Judge Hutcheson's response to an assertion that a valuable federal right would be jeopardized if a case was remanded to state court: "As I understand the jurisprudence of Texas, it operates with an eye to justice, just the same as that of the federal court." *Pabst v. Roxana Petroleum Co.*, 30 F.2d 953, 954 (S.D.Tex.,1929).

*Preemption.*

Mobil argues that Title 25 preempts any state claims in which sections 177 or 396 may free a party of state-created obligations. The Mineral Leasing Act of 1938 provides that:

No lease ... from any Indian nation shall be of any validity unless made by treaty or convention. 25 U.S.C. § 177. All operators under any mineral lease issued pursuant to the terms of this Act affecting restricted Indian lands shall be subject to the rules promulgated by the Secretary of the Interior. Leases issued under the provisions of the Act shall be subject to the terms of ... any plan approved by the Secretary. 25 U.S.C. § 396d.

These provisions limit state and municipal regulation of Indian property and provide for federal monitoring of oil and gas operations on Indian land. *Samedan Oil Corp. v. Cotton Pet. Corp.*, 466 F.Supp. 521 (W.D.Okla.). The United States holds Indian reservation land in trust for the benefit of the Indians. 25 U.S.C. § 348. During the trust, restricted Indian land may be leased only with the consent of the Secretary of the Interior. *Poafpybitty,* 390 U.S. at 368, 88 S.Ct. at 983–84. Congress intended to bring all mineral leasing matters in harmony with the Indian Reorganization Act, to enable all tribes to lease for mineral development, and to secure for tribes the greatest return from their property. *Kerr-McGee Corp. v. Navajo Tribe of Indians,* 731 F.2d 597, 601 (9th Cir. 1984).

A state court's adjudication of Mobil's claims in a suit to enforce the assignment would not implicate or erode the congressional goal of monitoring the mining of Indian land.

■ A corollary to the well-pleaded complaint rule is the preemption doctrine. On occasion, the force of a federal statute is so extraordinary or pervasive that it converts an ordinary state common-law complaint touching the subject into one stating a federal claim. *Caterpillar, Inc. v. Williams,* — U.S. —, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Since the amendments to the Judiciary Act in 1887, cases may not be removed to federal court on the basis of the preemptive defense, even if both parties concede that the federal defense is the only question truly at issue. *Id.* A federal law may preempt state law by express legislative intent, inferentially through the pervasiveness of the federal regulatory scheme, or by conflicting with state law. *Fidelity Federal Sav. & Loan Ass'n v. de la Cuesta,* 458 U.S. 141, 153, 102 S.Ct. 3014, 3022, 73 L.Ed.2d 664 (1982).

Mobil's defense that the contract is illegal under the Mineral Leasing Act can be raised in state court; it supplements rather than conflicts with state-created rights. No express provision in the act mandates removal of these cases, nor is the regulatory scheme of the Act so pervasive that it preempts all power of the state courts to adjudicate cases in which the Act is potentially implicated. The regulatory scheme of the act only pervades the actual alienation of the mineral rights from the Indian grantors. The dispute between Chuska and Mobil is over the consequences of regulatory requirements on their contract.

The rationale underlying cases where federal statutes preempted common law remedies is not applicable here. *See Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987), holding that in passing the Employee Retirement Income Security Act, 29 U.S.C. §§ 514(a), 1144, Congress preempted state laws relating to employee benefit plans. *See also Avco Corp v. Machinists,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968), holding that employers could not enforce a nostrike clause of a labor contract in state courts; the Labor Management Relations Act, 29 U.S.C. § 301, controlled violations of contracts between employers and labor organizations. Although the labor contract raised a federal question, a consequent breach of a contract between Avco and its customer would not be preempted.

Permitting the litigants in *Avco* and *Pilot Life,* to assert their common law claims would have allowed them to circumvent certain precise causes of action and procedures to which Congress intended to limit

claimants. If *Pilot Life* proceeded in state court, remedies which Congress intended to exclude under the federal scheme could have been applied under Mississippi law. *Pilot Life Ins. Co.,* 107 S.Ct. at 1556. The federal act here is unique in that it imposes a myriad of land alienage and use restrictions on a group because of their race, locale, and source of title; this does not make it the type of broad legislation that would subsume third-party assignments of leases into the jurisdiction of federal courts.

 That the Navajos or the Secretary of the Interior could have standing in federal court to challenge the assignment does not confer a similar right on non-tribal or non-governmental litigants whom it was not designed to protect. *See Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986) (assuming no private cause of action to enforce a federal statute). An Indian tribe's claim for wrongful possession based in part on their "aboriginal right of occupancy" proceeding in state court as a state-created claim would have the potential to interfere with the disposition of Indian lands and to undermine the regulations. *Oneida Indian Nation v. County of Oneida,* 414 U.S. 661, 94 S.Ct. 772, 39 L.Ed.2d 73 (1974).

Chuska's contractual claims have as little relationship to tribal possessory rights as a tort that occurs on restricted Indian land. "The fact that authority for the Navajos to enter agreements is ultimately derived from federal law does not turn Mobil's claim into a federal question." *Mobil Oil Co. v. Merritt,* 619 F.Supp. 526, 530 (D. Utah, 1985), *citing Puerto Rico v. Russell & Co.,* 288 U.S. 476, 53 S.Ct. 447, 77 L.Ed. 903 (1933).

*Conclusion.*

The judgment of the district court will be vacated. This case will be remanded to the district court with instructions to remand it to the 189th Judicial District Court of Texas.

VACATED AND REMANDED.