### HIGHLAND HILLS HOSPITAL

v.

### STATE of Louisiana, DEPARTMENT OF HEALTH AND HOSPITALS.

### Civil Action No. 95–1862.

United States District Court, M.D. Louisiana.

March 6, 1996.

Larry S. Bankston, Larry S. Bankston & Associates, Baton Rouge, LA, for plaintiff.

Lou Ann Owen, Department of Health & Hospitals, Bureau of Legal Services, Baton Rouge, LA, for defendant.

## RULING ON PLAINTIFF'S MOTION TO REMAND

POLOZOLA, District Judge.

This matter is before the Court on a motion to remand filed by the plaintiff, Highland Hills Hospital ("Highland Hills"). For the reasons which follow, the motion is denied.

### FACTS AND PROCEDURAL HISTORY

Pursuant to Title XIX of the Social Security Act,[1] the federal government distributes funds to Louisiana for the care of indigent medical patients. Louisiana has charged its Department of Health and Hospitals (the "DHH") with distributing these funds to qualifying health care facilities around the state.[2] The DHH distributes the funds based on the number of indigent care days a facility accumulates during the state fiscal year. Participating health care facilities have until 120 days after the fiscal new year to submit their applications for the previous fiscal year. Highland Hills participates in this program.

For purposes of computing a facility's indigent care days, the DHH does not consider a patient to be an indigent until his Medicaid resources have been exhausted. Chris Pilley, who was Secretary of the DHH during the relevant time period, allegedly informed Highland Hills that should a patient's application for Medicaid benefits be denied, Highland Hills should administratively appeal on behalf of the patient. Pilley allegedly further explained that if the denial was upheld on appeal, the patient would be considered an indigent and Highland Hills could add the patient's care days to the count of indigent care days for the fiscal year in which they accrued.

This suit arises from the computation of Highland Hills' indigent care days for the 1993 fiscal year. In accordance with what it

---

1. 42 U.S.C.A. §§ 1396–1396v (West 1992 & Supp.1995).

2. La.R.S. 46:153 (West 1982 & Supp.1996).

believed to be proper procedure, Highland Hills began appealing denials of its patients' Medicaid applications. Because these appeals often took several months to resolve, it was not until after the new fiscal year that Highland Hills submitted its final application for indigent care days accumulated by it during the 1993 fiscal year.[3] This application sought funding for 628 indigent care days. The DHH denied the application because it was submitted more than 120 days after the new fiscal year.

Highland Hills then filed suit on July 10, 1995, in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana, seeking reimbursement for the disputed 628 indigent care days. Highland Hills alleges that its failure to timely submit the final application is directly attributable to Pilley's alleged instructions regarding the appeal of Medicaid benefits denials. Highland Hills argues that the DHH should be bound by Pilley's statements, presumably under a detrimental reliance-type theory. Highland Hills also argues that the DHH should be held liable under the respondeat superior doctrine for the negligent misrepresentations of Pilley. The DHH denies that Pilley made the alleged statements.

The DHH was served with the state court complaint on July 13, 1995. On September 29, Highland Hills amended its state court complaint to add federal claims under the Boren Amendment.[4] The DHH was served with the supplemental complaint on October 5.

On October 30, the DHH removed the case to this Court. The DHH alleges that the addition of the Boren Amendment claims gives this Court subject matter jurisdiction under 28 U.S.C. § 1331. Highland Hills then filed the pending motion to remand. Highland Hills alleges that due to the involvement of federal funds, a federal question existed at the time the original state court petition was filed. Therefore, Highland Hills contends the removal was untimely under 28 U.S.C. § 1446(b) because the notice of removal was filed more than thirty days after the DHH was served with the original state court petition. The matter is now before the Court for decision.

## ANALYSIS

### A. Applicable Law

 "Since the first version of [section] 1331 was enacted, the statutory phrase 'arising under the Constitution, laws, or treaties of the United States' has resisted all attempts to frame a single, precise definition for determining which cases fall within, and which cases fall outside, the original jurisdiction of the district courts."[5] However, it is well settled that federal question jurisdiction extends to more than simply those causes of action created by federal law.[6] In *Franchise Tax Board v. Construction Laborers Vacation Trust*,[7] the Supreme Court said federal question jurisdiction is available if "some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." However, there are limits to this broad definition. Federal question jurisdiction is not present simply because a claim involves a federal issue.[8] The federal question must be substantial and not frivolous or conjectural.[9] Federal question jurisdiction is also not present when a claim may be decided under state law without the

---

3. Highland Hills previously submitted applications for an additional 313 indigent care days accumulated during the 1993 fiscal year. Those indigent care days are not an issue in this lawsuit.

4. 42 U.S.C.A. § 1396a(a)(13)(A) (West 1992 & Supp.1995).

5. *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8, 103 S.Ct. 2841, 2845–46, 77 L.Ed.2d 420 (1983) (citations omitted).

6. *See, e.g., Smith v. Kansas City Title & Trust*, 255 U.S. 180, 41 S.Ct. 243, 65 L.Ed. 577 (1921).

7. 463 U.S. 1, 13, 103 S.Ct. 2841, 2848, 77 L.Ed.2d 420 (1983).

8. *See, e.g., Grantham v. Avondale Indus.*, 964 F.2d 471, 474 (5th Cir.1992).

9. *See, e.g., Chuska Energy Co. v. Mobil Exploration & Producing N. Am., Inc.*, 854 F.2d 727, 730 (5th Cir.1988).

necessity of interpreting a federal law.[10] Finally, the well-pleaded complaint rule requires the availability of federal question jurisdiction to be determined from the face of the plaintiff's complaint.[11]

## B. Analysis

 Applying these principles of law, the Court finds that based on the facts set forth in the original state court petition, there was no federal question jurisdiction over the plaintiff's original suit. The original petition sought recovery based on two contentions. First, the plaintiff sought to bind the DHH to Pilley's alleged statements under a detrimental reliance theory. Second, the plaintiff sought damages under the doctrine of respondeat superior from the DHH for Pilley's alleged negligent misrepresentations. It is clear that both of these claims are based on state law. In its original state court petition, the plaintiff did not challenge the relevant portions of the Social Security Act, nor did it challenge the DHH's distribution scheme. Thus, the original state court petition did not require this Court or the state court to interpret federal law. The original petition did expressly state that the funds at issue are provided by the federal government. But the mere presence of federal funds is insufficient to confer federal question jurisdiction over this lawsuit.[12] When the plaintiff amended its state court petition to add federal claims under the Boren Amendment, this constituted a pleading or event that made the case removable.[13] Once these different claims were added by amendment, the defendant had an additional thirty days in which to remove the suit to federal court. Since the defendant timely removed the suit to federal

court within this new thirty day period, the plaintiff's motion to remand must be denied.

Therefore:

**IT IS ORDERED** that the plaintiff's motion to remand be and it is hereby **DENIED.**

---

10. See, e.g., Hines v. Cenla Community Action Comm., Inc., 474 F.2d 1052, 1056 (5th Cir.1973).

11. See, e.g., Kidd v. Southwest Airlines, 891 F.2d 540, 542 (5th Cir.1990).

12. See City of New Orleans v. A Portion of Square 205, 866 F.Supp. 969, 973 (E.D.La.1994) (holding that the use of federal funds to compensate landowners is insufficient to confer federal question jurisdiction over state expropriation proceedings). See also Gingerich v. White Pigeon Community Schs., 736 F.Supp. 147, 150 (W.D.Mich.1990) ("Defendants mistakenly as-

sume that the receipt and use of federal funds is sufficient to confer federal [question] jurisdiction."); Banco de Ponce v. Hinsdale Supermarket Corp., 663 F.Supp. 813, 819 (E.D.N.Y.1987) ("The fact that a fraudulent scheme involves federally-funded food coupons does not make the claim arise under federal law.").

13. See S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 492–94 (5th Cir.1996). While S.W.S. Erectors involved a second removal, the same principles apply to the present case.