**Billie Blount ALBRITTON**

v.

**ABC CORPORATION, et al.**

No. CIV.A. 06–245–A.

United States District Court,
M.D. Louisiana.

Aug. 25, 2006.

Michael C. Palmintier, deGravelles, Palmintier, Holthaus & Fruge', Baton Rouge, LA, John O. Charrier, Jr., Charrier & Charrier, Baton Rouge, LA, for Plaintiffs.

Bruce Arne Cranner, Karen C. Duncan, Frilot, Partridge, Kohnke & Clements, LC, New Orleans, LA, Joseph B. Morton, III, Kelly Cambre Bogart, Kevin R. Derham, Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock, Metairie, LA, for Defendants.

### RULING ON MOTION TO DISMISS

JOHN V. PARKER, District Judge.

This matter is before the court on a motion to dismiss filed by defendant, Dr. Paul J. Hubbell (doc. 5). Plaintiff, Billie Blount Albritton has filed no opposition to the motion. Jurisdiction is at issue. There is no need for oral argument.

Plaintiff filed this action in state court in the Nineteenth Judicial District Court for the Parish of East Baton Rouge against Medtronic, Inc. and Medtronic USA, Inc. ("Medtronic"), ABC Insurance Company, and Dr. Paul Joseph Hubbell, III. Plaintiff alleges that a pain pump manufactured by Medtronic was implanted in her back. She alleges further that while under the care of Dr. Hubbell, a mass of crystallized medicine formed in her back which applied pressure to her spinal cord, causing permanent damage. Plaintiff asserts that her alleged injuries resulted from Dr. Hubbell's substandard care, and she contends that Medtronic is liable under the Louisiana Products Liability Act because the pain pump was unreasonably dangerous for its intended use (Petition, doc. 1, Exhibit 2).

Medtronic removed the action to this court on March 28, 2006. It contends that jurisdiction is proper under 28 U.S.C. § 1331 because "plaintiff's right to institute a claim for monetary damages arises under federal law pursuant to the Medical Device Amendments of 1976, 21 U.S.C. § 360(c), et seq., to the Food, Drug & Cosmetic Act, 21 U.S.C. § 301, et seq., and the regulations promulgated thereon, which both expressly and implicitly preempt State law standards governing Class III medical devices which have premarket approval by the Food and Drug Administration" (doc. 1, ¶ IV). Medtronic further contends that

Plaintiff's claims necessarily depend upon resolution of substantial questions of Federal law, i.e., whether the Medical Device Amendments of 1976, 21 U.S.C. § 360(c), et seq. enacted by Congress and the regulations promulgated thereunder were intended to preclude a liability finding against a manufacturer of said medical devices when the manufacturer and the medical device fully comply with the relevant federal standards and whether the use of State law regulating the manufacture and sale of said medical devices by a manufacturer engaged in interstate commerce consti-

tutes an unconstitutional burden on interstate commerce.

(doc. 1, ¶ IV). This is the extent of Medtronic's argument regarding jurisdiction; other than the above-quoted statutory cites, Medtronic offers no authority in support.

Dr. Hubbell filed a motion to dismiss on June 15, 2006. He contends that plaintiff's claims against him should be dismissed because they have not been examined by a medical review panel as required by Louisiana Revised Statute 40:1299.47.

## LAW AND DISCUSSION

It is well established that before a federal court may address the merits of an action, it must establish that it has jurisdiction over the case. *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 548–49 (5th Cir.1981). "[T]he establishment of a basis for the exercise of subject matter jurisdiction is the *sine qua non* of federal litigation ...." *Id.* at 549. Therefore, before the court can address the motion to dismiss filed by Dr. Hubbell, it must *sua sponte* determine whether there is federal subject matter jurisdiction. *In re B–727 Aircraft Serial No. 21010,* 272 F.3d 264, 269–70 (5th Cir.2001).

In an action removed from state court, the burden of pleading the basis for federal jurisdiction is on the removing party. *Id.* This is no small burden as there is a presumption against jurisdiction. *Coury v. Prot,* 85 F.3d 244, 248 (5th Cir.1996). "[R]emoval statutes are to be construed strictly against removal and for remand." *Eastus v. Blue Bell Creameries, L.P.,* 97 F.3d 100, 106 (5th Cir.1996).

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdic-

tion, may be removed ...." 28 U.S.C. § 1441(a) As noted, Medtronic contends that the court has federal question jurisdiction over this case.[1] The presence of federal question jurisdiction is governed by the "well-pleaded complaint rule," which provides that jurisdiction exists only when a federal question is presented on the face of the plaintiff's complaint. *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Plaintiff is the master of the claim and can avoid federal jurisdiction by exclusive reliance on state law. *Id.*

In general, federal preemption is a defense, and "it is now settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Id.* at 393, 107 S.Ct. 2425. The "complete preemption doctrine," however, is an exception to the well-pleaded complaint rule. *Id.* at 393, 107 S.Ct. 2425. Where an area of state law has been completely preempted, "the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Id.* (citing *Metropolitan Life Ins. Co.,* 481 U.S. 58, 65, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987)); *PCI Transportation, Inc. v. Fort Worth & Western Railroad Co.,* 418 F.3d 535, 543–44 (5th Cir.2005). Thus, the question here is not whether plaintiff's claims will ultimately be preempted by the MDA, but whether Congress has completely preempted this area of state law such that there is jurisdiction under the complete

---

1. It appears from the state court petition that both plaintiff and Dr. Hubbell are Louisiana citizens (Petition, doc. 1, Exhibit 2). Thus, diversity jurisdiction is not available to Medtronic as a basis for removal.

preemption exception to the well-pleaded complaint rule.[2]

■■■ In her state court petition, plaintiff makes no mention of federal law. Plaintiff's claims against Medtronic are based solely on the Louisiana Products Liability Act, Louisiana Revised Statute 9:2800.51, *et seq.* She alleges that Medtronic manufactured the pain pump that was implanted in her back and that the pump was unreasonably dangerous because Medtronic failed to sponsor or endorse large scale radiological screenings to prevent and diagnose newly discovered complications associated with the product (Petition, doc. 1, Exhibit 2, ¶ 4).

Medtronic contends that the pain pump at issue is a Class III medical device that was subjected to the pre-market approval process provided for by the Medical Device Amendments of 1976 ("MDA") to the Food, Drug, and Cosmetic Act, 21 U.S.C. § 301, *et seq.* The Fifth Circuit has determined that certain state law claims involving such devices are preempted. *See Gomez v. St. Jude Medical Daig Division, Inc.*, 442 F.3d 919, 928–33 (5th Cir.2006). The MDA's pre-market approval process " 'preempts state tort causes of action to the extent that they relate to safety, effectiveness, or other MDA requirements' if the state-law claims impose 'substantive requirements' different from or inconsistent with the federal law." *Id.* at 929 (quoting *Martin v. Medtronic, Inc.*, 254 F.3d 573, 584 (5th Cir.2001)) The Fifth Circuit has not, however, examined the narrow issue before this court—whether the MDA provides for jurisdiction under the complete preemption exception to the well-pleaded complaint rule.[3] And, despite having the burden of proving the basis for jurisdiction, Medtronic offers the court little assistance.

The focus of the Fifth Circuit's complete preemption analysis is "whether Congress intended that the federal action be exclusive . . . ." *PCI Transportation, Inc.*, 418

---

**2.** To the extent that Medtronic argues that removal jurisdiction is supported by the presence of a "substantial question of federal law," independent of complete preemption, that argument is without merit. To rely on this argument, Medtronic would have to prove that the complaint "creates federal question jurisdiction when it states a cause of action created by state law and (1) a federal right is an essential element of the state claim, (2) interpretation of the federal right is necessary to resolve the case, and (3) the question of federal law is substantial." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 917 (5th Cir.2001). Medtronic has failed to show that any of these elements are satisfied in this case. Medtronic has shown only that the MDA could provide a defense to plaintiff's claims. "A federal court cannot take jurisdiction of a case as one arising under federal law if the federal issue will be raised only as a defense to a state law claim." *Chuska Energy Co. v. Mobil Exploration & Producing North America, Inc.*, 854 F.2d 727, 730 (5th Cir. 1988).

Furthermore, it is not clear whether the presence of a substantial federal question remains a proper basis for removal jurisdiction in light of the Supreme Court's opinion in *Beneficial National Bank v. Anderson*, 539 U.S. 1, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003), where the Court stated that a claim may be removed in only two circumstances—when Congress has expressly provided for removal or when a federal statute completely preempts a state-law cause of action. *Beneficial*, 539 U.S. at 8, 123 S.Ct. 2058; *Burton v. Southwood Door Co., MEA, Inc.*, 305 F.Supp.2d 629, 634 n. 4 (S.D.Miss.2003).

**3.** That is, the Fifth Circuit has not addressed this issue in an opinion selected for publication. in *Scott v. Pfizer, Inc.*, 2006 WL 1488842, *1 (5th Cir.2006), the court found that "the MDA does not completely preempt state products liability law and, therefore, does not create jurisdiction under the complete preemption exception to the well-pleaded complaint rule." The court upheld the dismissal of plaintiff's products liability claims for lack of subject matter jurisdiction. *Id.* Unpublished opinions generally are not binding, although they may be persuasive. 5th Cir. R. 47.5.4.

F.3d at 544. In *PCI,* the court determined that the Interstate Commerce Commission Termination Act provided the exclusive remedy for the plaintiff's claims. The court's decision was based on the plain language of the statute and its legislative history. It noted that the House Report on the proposed legislation expressly stated that changes to the Act were intended to extend exclusive Federal jurisdiction to matters that had formerly been reserved for state jurisdiction. *PCI,* 418 F.3d at 544.

Medtronic has failed to provide the court with any evidence that Congress intended the MDA to provide the exclusive remedy for tort claims involving medical devices. The MDA does not even provide for a private right of action. *See Hinojosa v. Guidant Corporation,* 2006 WL 903720, *5 (S.D.Tex.2006). Further, the Fifth Circuit has recognized that the MDA does not preempt all tort suits involving medical devices. *Martin v. Medtronic, Inc.,* 254 F.3d 573, 583 (5th Cir.2001). States are free to provide traditional damage remedies for violations of common-law duties when those duties parallel MDA requirements. *Id.* (citing *Medtronic, Inc. v. Lohr,* 518 U.S. 470, 495, 116 S.Ct. 2240, 135 L.Ed.2d 700 (1996)). This is a clear indication of non-exclusivity.

Medtronic has failed to meet its burden of showing that the complete preemption exception to the well-pleaded complaint rule applies in this case. *See Strong v. Telectronics Pacing Systems, Inc.,* 78 F.3d 256, 259–61 (6th Cir.1996); *Hinojosa,* 2006 WL 903720, *4–*5; *Geissert v. Republic Ins. Co.,* 1995 WL 328174, *1–*2 (E.D.La. 1995). The court is without subject matter jurisdiction, the court cannot rule on the motion to dismiss (doc. 5), and this action must be remanded to state court. 28 U.S.C. § 1447(c).

## CONCLUSION

For the foregoing reasons, this action shall be remanded to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.