F & R CONSTRUCTION, S.E., Plaintiff,

v.

A H DEVELOPMENT, S.E., Defendant.

Civ. No. 91–2580 HL.

United States District Court,
D. Puerto Rico.

Feb. 18, 1992.

---

Ruben T. Nigaglioni, Ledesma, Palou & Miranda, Hato Rey, P.R., for plaintiff.

Jose A. Acosta–Grubb, Fiddler, Gonzalez & Rodriguez, San Juan, P.R., for defendant.

## OPINION AND ORDER

LAFFITTE, District Judge.

Before the Court is a motion by defendant AH Development, S.E. ("AH") to dismiss for lack of jurisdiction the action brought by plaintiff F & R Construction, S.E. ("F & R"). AH is a special partnership organized under Puerto Rico law with the purpose of acquiring and developing real property. The liability of each partner is limited to the amount of his or her capital contribution into the partnership. None of AH's partners are citizens of Puerto Rico. F & R is also a special partnership working in the construction industry; its partners are all citizens of Puerto Rico.

This action arises out of AH's development of a residential neighborhood known as "Montehiedra" in Rio Piedras, Puerto Rico. AH contracted to have F & R do earthmoving and road construction work on this project. A dispute arose over F & R's performance, and AH terminated the contracts. F & R filed this action for breach of contract, claiming jurisdiction based on diversity and seeking $5.6 million in damages. AH moved to dismiss for lack of diversity on the grounds that both partnerships are citizens of Puerto Rico. On January 16, 1992, the Court held a hearing on this matter. At the hearing the Court stated that it was inclined to grant AH's motion. However, after further reflexion and research, the Court now concludes that diversity of parties does in fact exist in this case and denies AH's motion.

The Supreme Court has often considered the status of artificial entities for purposes of federal diversity jurisdiction. *See, e.g., Louisville, C. & C.R. Co. v. Letson,* 43 U.S. (2 How.) 497, 11 L.Ed. 353 (1844) (corporation); *Chapman v. Barney,* 129 U.S. 677, 9 S.Ct. 426, 32 L.Ed. 800 (1889) (joint stock company); *Great Southern Fire Proof Hotel Co. v. Jones,* 177 U.S. 449, 20 S.Ct. 690, 44 L.Ed. 842 (1900) (limited partnership association); *Carden v. Arkoma Associates,* 494 U.S. 185, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990) (limited partnership); *United Steelworkers v. R.H. Bouligny, Inc.,* 382 U.S. 145, 86 S.Ct. 272, 15 L.Ed.2d 217 (1965) (labor union). The citizenship of a corporation is determined by its state of incorporation.[1] *Letson,* 43 U.S. (2 How.) at 558; *Marshall v. Baltimore & Ohio R. Co.,* 57 U.S. (16 How.) 314, 14 L.Ed. 953 (1853). For all other entities, including limited partnerships, citizenship is determined by the state of each partner or member. Wright, Miller & Cooper, Federal Practice and Procedure 2d § 3630, at 682–89 (1984). The Supreme Court has, however, created an exception for the *sociedad en comandita*[2], a form of limited partnership organized under the civil code of Puerto Rico. *People of Puerto Rico v. Russell & Co.,* 288 U.S. 476, 53 S.Ct. 447, 77 L.Ed. 903 (1933).

■ The *sociedad en comandita* is a partnership of medieval origin with two types of partners: general partners and special partners[3]. Rodrigo Uria, *Derecho Mercantil* 165–66 (12th ed. 1982). General partners are personally and jointly liable for transactions conducted in the name of the partnership. P.R. Laws Ann. tit. 10, § 1394 (1976). The special partners do not participate in the management of the partnership, and their liability is limited to the amount of the funds which they contributed or bound themselves to contribute to the partnership. *Id.;* Rafael Soltero Peralta, *Derecho Mercantil* 317–20 (6th ed. 1984).

---

1. A corporation is also deemed a citizen of the state where it has its principal place of business. 28 U.S.C.A. § 1332(c)(1) (West Supp.1991).

2. P.R. Laws Ann. tit. 10, §§ 1391–1396 (1976). The English versions of Puerto Rico's case law and statutes refer to the *sociedad en comandita* either as a "limited" or "special" partnership.

3. These "special partners" are also referred to in English as "silent partners." *See Gregory v. Treasurer,* 24 P.R.R. 87 (1916). In Spanish they are "socios comanditarios." 10 L.P.R.A. § 1394.

It is this limited liability for special partners that is the distinctive characteristic of a *sociedad en comandita.* *Gregory v. Treasurer,* 24 P.R.R. 87, 90 (1916). Under the civil code of Puerto Rico it is a juridical person. *Russell,* 288 U.S. at 481–82, 53 S.Ct. at 449. For the Supreme Court in *Russell,* the *sociedad en comandita's* ability to contract, own property, sue and be sued, as well as its limited liability for special partners, were characteristics that gave content to the notion that it was a juridical person. 288 U.S. at 481–82, 53 S.Ct. at 449. Accordingly, a *sociedad en comandita* created under the civil law of Puerto Rico is a citizen of Puerto Rico for the purposes of determining diversity jurisdiction. *Id.; Carden,* 494 U.S. at 189–90, 110 S.Ct. at 1018. AH claims that its partnership is so similar to a *sociedad en comandita* that its citizenship should be determined in an identical manner. The Court disagrees.

■ The Supreme Court has steadfastly refused to alter the rules of determining citizenship for diversity purposes. A state may create a new type of business entity similar to a corporation or a partnership. However, the decision of whether to expand the diversity jurisdiction rules to a new entity should not be done by a court determining whether this new entity's characteristics are more similar to those of a corporation or of a partnership. *Carden,* 494 U.S. at 190, 110 S.Ct. at 1018; *Bouligny,* 382 U.S. at 150–51, 86 S.Ct. at 275; *Newport Ltd. v. Sears, Roebuck & Co,* 941 F.2d 302, 306 (5th Cir.1991). Rather, "pleas for the extension of the diversity jurisdiction to hitherto uncovered broad categories of litigants ought to be made to the Congress and not to the courts." *Bouligny,* 382 U.S. at 150–51, 86 S.Ct. at 275.

The fifty States have created, and will continue to create, a wide assortment of artificial entities possessing different powers and characteristics, and composed of various classes of members with varying degrees of interest and control. Which of them is entitled to be considered a "citizen" for diversity purposes, and which of their members' citizenship is to be consulted, are questions more readily resolved by legislative prescription than by legal reasoning.... We have long since decided that, having established special treatment for corporations, we will leave the rest to Congress; we adhere to that decision.

*Carden,* 494 U.S. at 197, 110 S.Ct. at 1022. All entities besides the *sociedad en comandita* and the corporation will be treated as a citizen of each member's state. *Carden,* 494 U.S. at 190, 110 S.Ct. at 1018; *see also Newport,* 941 F.2d at 307 ("We find little support for the suggestion that the Supreme Court intended an exception for *any* entity other than a *sociedad en comandita,* especially for one which on its face is indistinguishable from an ordinary limited partnership."). Thus, AH may be considered a citizen of Puerto Rico only if it is a *sociedad en comandita* or a corporation.

The submitted copy of AH's partnership agreement indicates that AH was formed under the provisions of Act No. 3, enacted on September 27, 1985. P.R.Laws Ann. tit. 31, § 4372 (1985). The act provides for the creation of a limited partnership done in compliance with Act No. 8 [4] of July 19, 1985. Such a partnership should have the letters "S.E." following its name.[5] *Id.* The partners shall not be held personally liable for the partnership's debts and obligations; their liability shall be limited to their share in the partnership. *Id.* The terms of the AH agreement comply with these provisions: the partners have limited liability, AH is engaged in one of the activities specified in Act No. 8, and "S.E." fol-

---

**4.** P.R.Laws Ann. tit. 13, §§ 3054(c), 3330–3354, 3411(a)(3) (1985). The purpose of the act was to stimulate investment in Puerto Rico by providing tax benefits to partnerships formed to engage in certain activities, including construction and land development. 1985 P.R.Laws 638–39; P.R.Laws Ann. tit. 13, § 3330. To be exempted from certain taxes the partnership must file with the Secretary of Treasury and must derive a specified percentage of its income from work in Puerto Rico in one of the enumerated activities. *Id.*

**5.** "S.E." stands for "sociedad especial," which is Spanish for "special partnership."

lows the partnership name. Accordingly, AH is a limited partnership.

AH claims that it has the same characteristics as those of a *sociedad en comandita.* However, unlike the *sociedad en comandita* with its two classes of partners, AH only has one. Under Puerto Rico law it is a limited partnership. It may be that AH is substantially identical to a *sociedad en comandita.* However, it is not within this Court's purview to make a characteristic-by-characteristic analysis to compare AH with a *sociedad en comandita* for purposes of determining diversity treatment. That is a task for Congress, and it has made no provision for limited partnerships. Accordingly, the Court deems AH to be a citizen of the state of each partner, none of whom is a citizen of Puerto Rico. All of F & R's partners are citizens of Puerto Rico. F & R is a citizen of Puerto Rico and AH is not. There exists complete diversity of citizenship and this Court has jurisdiction to hear this matter. Consequently, defendant AH's motion is hereby denied.

IT IS SO ORDERED.