José COLÓN–CRESCIONI, Plaintiff,

v.

**BRISAS DE PALMAS, S.E., Bay Yacht Club, Inc., Juan R. Zalduondo–Viera; and Marien Tartak–Miguel, Defendants.**

Civil No. 09–1125(ADC).

United States District Court, D. Puerto Rico.

March 23, 2010.

Ivy Mercado–Ramos, Ricardo Guzman–Lopez De Victoria, Guzman & Mercado P.S.C., Guaynabo, PR, for Plaintiff.

Bay Yacht Club, Inc., San Juan, PR, pro se.

John M. Garcia–Nokonechna, Viviana Rodriguez–Ortiz, Garcia & Fernandez, San Juan, PR, for Juan R. Zalduondo–Viera.

Fernando D. Castro–Maldonado, Fernando D. Castro Law Offices, Guaynabo, PR, for Marien Tartak–Miguel.

### OPINION AND ORDER

AIDA M. DELGADO–COLÓN, District Judge.

On February 11, 2009, plaintiff José F. Colón–Crescioni ("Colón" or "plaintiff") filed the complaint against his former partners, Juan R. Zalduondo–Viera ("Zalduondo" or "codefendant") and Marien Tartak–Miguel ("Tartak"); the special partnership formed by them, Brisas de Palmas, S.E. ("Brisas"); and a corporate entity that engaged in transactions involving Brisas, Bay Yacht Club, Inc. **Docket No. 1.** Plaintiff claims causes of action for the dissolution of Brisas and for contractual and extracontractual damages under the Commonwealth of Puerto Rico statutes and alleges federal jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. *Id.*

On July 24, 2009, Zalduondo filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P.

12(b)(1). **Docket No. 47.** Zalduondo contends that Brisas has the same citizenship as Colón. Therefore, complete diversity, required to sustain federal court jurisdiction, does not exist. Colón filed his opposition to the motion to dismiss on August 10, 2009. **Docket No. 53.** On August 19, 2009, Zalduondo replied to the opposition. **Docket No. 63.**

On August 4, 2009, the court referred the pending dispositive motions, including the motion to dismiss for lack of subject matter jurisdiction, to a Magistrate–Judge for a Report and Recommendation ("R & R"). On March 2, 2010, Magistrate–Judge Marcos E. López rendered an R & R, and recommended granting Zalduondo's motion to dismiss due to the fact that complete diversity does not exist inasmuch as Brisas and plaintiff were both citizens of New York. **Docket No. 96,** at 3. On March 16, 2010, Colón objected to the R & R. **Docket No. 97.** After conducting a thorough examination of the record and the applicable case law, the court **ADOPTS** the R & R in full. Thus, Zalduondo's motion to dismiss **(Docket No. 96)** is **GRANTED.**

## I. Factual Background

Inasmuch as claimants have not made a specific objection to the Magistrate–Judge's recitation of the procedural background, the court hereby adopts the same. **Docket No. 96,** at 1–2.

## II. Standard of Review for Objections to a Report and Recommendation

■■■ A district court may refer pending motions to a magistrate-judge for a report and recommendation. 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); L. Cv. R. 72(a). Any party adversely affected by the recommendation issued may file written objections within fourteen (14) days of

being served with the report and recommendation. Fed.R.Civ.P. 72(b). A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." *Sylva v. Culebra Dive Shop,* 389 F.Supp.2d 189, 191–92 (D.P.R. 2005) (citing *United States v. Raddatz,* 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980)). "The district court need not consider frivolous, conclusive, or general objections." *Rivera–García v. United States,* Civ. No. 06–1004(PG), 2008 WL 3287236, *1 (D.P.R. Aug. 7, 2008) (citing *Battle v. U.S. Parole Comm'n,* 834 F.2d 419 (5th Cir.1987)). Moreover, to the extent the objections amount to no more than general or conclusory objections to the report and recommendation, without specifying to which issues in the report the party is objecting, or where the objections are repetitive of the arguments already made to the magistrate-judge, a *de novo* review is unwarranted. *Id.* "Instead, the report and recommendation is reviewed by the district judge for clear error." *Id.* (citing *Camardo v. Gen. Motors Hourly–Rate Employees Pension Plan,* 806 F.Supp. 380, 382 (W.D.N.Y.1992) ("It is improper for an objecting party to … submit[ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R.")).

In conducting its review, the court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate-judge." 28 U.S.C. § 636(b)(1); *see also Templeman v. Chris Craft Corp.,* 770 F.2d 245, 247 (1st Cir.1985); *Alamo Rodríguez v. Pfizer Pharma., Inc.,* 286 F.Supp.2d 144, 146

(D.P.R.2003). Hence, the court may accept those parts of the report and recommendation to which the party does not object. *See Hernández–Mejías v. General Elec.*, 428 F.Supp.2d 4, 6 (D.P.R.2005) (citing *Lacedra v. Donald W. Wyatt Detention Facility*, 334 F.Supp.2d 114, 125–26 (D.R.I.2004)).

### III. Plaintiff's Objections to the R & R

Plaintiff has not objected to the Magistrate–Judge's legal analysis on the postulates of federal jurisdiction. **Docket No. 96, 2.** Instead, plaintiff's primary objection centers on the Magistrate–Judge's finding that the case at bar, in fact, lacks federal jurisdiction. Plaintiff posits that Brisas, as a special partnership, shares the same characteristics of a "sociedad en comandita" under the Commonwealth of Puerto Rico civil doctrine and should be treated as such, instead of treating Brisas as a common law partnership. **Docket No. 97, 2–6.** In plaintiff's objection to the R & R, the analysis of the reasons Brisas should be treated as a "sociedad en comandita" is an exact recitation of the argument he posed before the Magistrate–Judge in his opposition to the motion to dismiss. *See* **Docket No. 97, 2–6 and Docket No. 53, 3–7.**[1]

■ However, upon careful review of the R & R, the court agrees with the Magistrate–Judge and the reasons for not applying the precepts of a "sociedad en comandita" to Brisas. Since a partnership is a citizen of each partner's state at the time of filing and plaintiff, a citizen of New York, was a partner in Brisas, their citizenship is the same (New York). Thus, no jurisdictional diversity exists between them. Clearly, Brisas' citizenship is disputed here because diversity is destroyed the moment Brisas is considered a partnership instead of a "sociedad en comandita." Therefore, plaintiff's only remedy to attain diversity is made by arguing that the "sociedad en comandita" jurisdictional principles should be extrapolated to the Brisas partnership in order for Brisas to be considered a citizen of the Commonwealth of Puerto Rico[2], instead of a citizen of New York.

■ As the Magistrate–Judge correctly noted, "this court has previously declined to modify the diversity jurisdiction rules in that manner for a partnership formed under the same statutory provision as Brisas." **Docket No. 96,** at 4, *citing F & R Constr., S.E. v. A.H. Dev., S.E.*, 785 F.Supp. 1073 (D.P.R.1992). Although plaintiff reiterates that the Brisas partnership shares the same characteristics as a "sociedad en comandita" and its citizenship should be determined accordingly, he does not challenge or distinguish the court's reasoning in *F & R Constr.*, an analogous case to the one at bar. As highlighted by the sister court then, "[t]he Supreme Court has steadfastly refused to alter the rules of determining citizenship for diversity purposes. A state may create a new type of business entity similar to a corporation or a partnership. However, the decision of whether to expand the diversity jurisdiction rules to a new entity should not be done by a court determining whether this new entity's characteristics are more similar to those of a corporation or of a partnership. *Carden [v. Arkoma Associ-*

---

**1.** *See Rivera–García v. United States,* Civ. No. 06–1004(PG), 2008 WL 3287236, *1 (D.P.R. Aug. 7, 2008) (explaining that to the extent the objections are repetitive of the arguments already made to the magistrate-judge, a *de novo* review is unwarranted).

**2.** A "sociedad en comandita" is a citizen of the Commonwealth of Puerto Rico for the purposes of determining diversity jurisdiction. *F & R Const., S.E. v. A H Development, S.E.,* 785 F.Supp. 1073, 1075 (D.P.R.1992).

*ates* ], 494 U.S. [185] at 190 [110 S.Ct. 1015, 108 L.Ed.2d 157 (1990) ] [*United Steelworkers of America, AFL–CIO v.*] *Bouligny*, 382 U.S. [145] at 150–51, 86 S.Ct. [272] at 275 [15 L.Ed.2d 217 (1965) ]; *Newport Ltd. v. Sears, Roebuck & Co.*, 941 F.2d 302, 306 (5th Cir.1991). Rather, 'pleas for the extension of the diversity jurisdiction to hitherto uncovered broad categories of litigants ought to be made to the Congress and not to the courts.' *Bouligny*, 382 U.S. at 150–51, 86 S.Ct. at 275." *F & R Const., S.E. v. A H Development, S.E.*, 785 F.Supp. at 1075.

The court finds no reason to break from the R & R, or its reliance on *F & R Constr.* Therefore, since the citizenship of Brisas, a special partnership, is that of its partnership's members and plaintiff was a partner of Brisas, they are both considered to be citizens of New York. Thus, diversity is defeated here and the court lacks jurisdiction.

█ Plaintiff adds an alternate argument to his objection and invokes the Federal Arbitration Act ("FAA") as an alternate source of federal jurisdiction. **Docket No. 97**, 6–7. This argument was not brought before the Magistrate–Judge in plaintiff's opposition to the motion to dismiss. *See* **Docket No. 53**. In fact, it was brought by way of one paragraph in an informative motion ("Informative Motion In Connection With Motion Regarding Stipulation Filed by Plaintiff and Co-defendant Tartak And To Reiterate Motion to Dismiss for Lack of Jurisdiction"). *See* **Docket No. 90**.

The First Circuit has categorically fore-warned litigants that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation,

are deemed waived." *Guillemard–Ginorio v. Contreras–Gómez*, 490 F.3d 31, 37 (1st Cir.2007)(internal citations and quotations omitted). The reasons are simple. "Systemic efficiencies would be frustrated and the magistrate's role reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round. In addition, it would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and-having received an unfavorable recommendation-shift gears before the district judge." *Paterson–Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 991 (1st Cir.1988). Mindful of these bedrock principles, the court deems plaintiff's FAA argument waived inasmuch as it was not properly brought before the Magistrate–Judge in its opposition brief, but in a perfunctory manner through an informative motion.[3]

## IV. Conclusion

In light of the foregoing, the Report & Recommendation **(Docket No. 96)** is **ADOPTED** in full. Consequently, co-defendant's motion to dismiss **(Docket No. 47)** is **GRANTED**. The claims against all defendants are **DISMISSED WITHOUT PREJUDICE**. All other pending motions are deemed **MOOT**.

**SO ORDERED.**

---

**3.** Even assuming, *arguendo*, the court were to consider plaintiff's FAA argument, the same does not support this court's entertainment of the case at this juncture. If an arbitration clause under the FAA were to govern the parties, then it follows that, at best, the case before this court is unripe.